UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN HARRISON | CIVIL ACTION |
| VERSUS | NO. 07-5452 |
| BURL CAIN, WARDEN | SECTION "J"(4) |

### TRANSFER ORDER

Petitioner, JOHN HARRISON, an inmate at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition raises claims challenging the constitutionality of petitioner's October 1999 state court conviction and sentence for armed robbery. In his self-styled § 2241 petition, Harrison asserts the following grounds for relief:

1) Petitioner was denied assistance of trial counsel;

2) Petitioner was denied due process because he was never arraigned on the charge of armed robbery before proceeding to trial; and

3) Petitioner was denied a fair trial when the State and defense counsel made false statements to the jury.

**I.  Nature of petition**

Under federal habeas statutes, a state prisoner challenging the validity of his confinement under his state-imposed conviction and sentence must proceed under 28 U.S.C. § 2254. Section 2254 authorizes federal courts to grant habeas relief to persons within their jurisdiction who are in custody pursuant to state court judgments. 28 U.S.C. § 2254(a).

Harrison is challenging the constitutionality of his state court armed robbery conviction and sentence. However, the petition was not submitted on the form approved for a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Having previously filed three other petitions for habeas corpus relief under 28 U.S.C. § 2254 on the approved forms, his last habeas petition lacking the proper authorization to file in this Court, it appears that Harrison is now intentionally seeking an alternate avenue of relief pursuant to 28 U.S.C. § 2241. However, the fact that relief pursuant to 28 U.S.C. § 2254 may possibly be barred under the Antiterrorism and Effective Death Penalty Act's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. § 2241. *See e.g.*, *Gaines v. Dretke*, No. 3:04-CV-1185-D, 2005 WL 1540192, at *1-2 (N.D. Tex. June 30, 2005), *report and recommendation adopted* 2005 WL 1799518 (N.D. Tex. July 27, 2005); *Williams v. O'Brien*, 2007 WL 60487, at *1 (N.D. Tx. 2007); *Keselica v. Wall*, 2007 WL 2667973, at *6 (D.R.I. 2007).

Petitioner has not shown that § 2241 governs his habeas petition. Upon review of the petition and the Court's records, this Court finds it appropriate to construe petitioner's self-styled § 2241 petition as a second or successive petition for habeas corpus relief filed pursuant to 28 U.S.C. §2254.

## II.     Second or Successive

A review of this Court's records reflects that Harrison filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled *John Harrison v. Warden Burl Cain*, Civil Action 02-3527 "J"(4).  In that petition, petitioner raised the following grounds for relief:

1) He was denied due process because he was never arraigned on the charge of armed robbery before proceeding to trial; and

2) He was denied assistance of counsel at trial.

That petition was dismissed with prejudice on the merits by Judgment entered November 24, 2003.  Petitioner appealed the judgment.  The United States Fifth Circuit Court of appeal denied his motion for a certificate of appealability.  *John Harrison v. Burl Cain*, 03-31164 (5th Cir. 2004).[1]

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

---

[1] Petitioner filed two other § 2254 petitions: Civil Action No. 02-0635 "J"(4), which was dismissed without prejudice on November 5, 2002, for failure to exhaust state court remedies; and Civil Action No. 05-6436 "J"(4), a successive habeas petition for which authorization to file was denied.  Rec. Doc. No. 6.  In the successive petition, Harrison asserted again that he was denied due process because he was never arraigned on the armed robbery charge before proceeding to trial.

3

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that JOHN HARRISON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 22nd day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE